Filing # 70843496 E-Filed 04/17/2018 04:02:12 PM

**IN THE CIRCUIT COURT OF THE SIXTH JUDICAL CIRCUIT**
**IN AND FOR PASCO COUNTY, FLORIDA**
**CIVIL DIVISION**

**JESSE A. SHERROD, III**
**and DEBORAH J. SHERROD,**

        **Plaintiffs,**              **Case No.:**_____

**v.**

**SUNTRUST MORTGAGE, INC.,**

        **Defendant.**

_____/

**COMPLAINT AND JURY DEMAND**

**COMES NOW** the Plaintiffs, Jesse A. Sherrod, III and Deborah J. Sherrod, by and through the undersigned counsel, and files their Complaint and Jury Demand against the Defendant, SunTrust Mortgage, Inc., and would show:

**INTRODUCTION**

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt.  Plaintiffs bring the action for statutory damages and actual damages against the Defendant, as well as attorney's fees and the costs of litigation for the Defendant's violations of the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"), and violations of the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  These laws prevent creditors and debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices, as well as regulate the type of telephone equipment organizations may use to contact consumers for debt collection purposes.

**JURISDICTION AND VENUE**

1.    This is an action for money damages in excess of fifteen thousand dollars ($15,000.00) exclusive of costs and attorney's fees.



2.      Jurisdiction of this Court arises under 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

3.      Venue lies in this district pursuant to 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

4.      Venue in this district is proper in that the Defendant conducts business here, and the conduct complained of occurred here.

5.      This Court has jurisdiction.

## PARTIES

6.      Plaintiff, Jesse A. Sherrod, III, is an individual, a natural person and a "consumer" residing in Pasco County, Florida, who is alleged to owe a debt to SunTrust Mortgage, Inc.

7.      Plaintiff, Deborah J. Sherrod, is an individual, a natural person and a "consumer" residing in Pasco County, Florida, who is alleged to owe a debt to SunTrust Mortgage, Inc.

8.      Plaintiffs, Jesse A. Sherrod, III and Deborah J. Sherrod ("Plaintiffs" or "Sherrod") have been the object of collection activity arising from a "consumer debt" as defined by Fla. Stat. § 559.55(6) and 15 U.S.C. § 1692a(5). The subject debt was incurred primarily for personal, family, or household purposes.

9.      The Defendant, SunTrust Mortgage, Inc. ("SunTrust" or "Defendant"), is a foreign for profit corporation that conducts business in Pasco County, Florida.

10.     Defendant is engaged in the collection of consumer debts using the telephone, the U.S. Mail, and all other means at its disposal.

11.     SunTrust is a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(3) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

12.   At all times herein, SunTrust was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13.   At all times herein, SunTrust either acted on its own accord, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

14.   At all times material herein, SunTrust's conduct with regard to the debt, complained of below, qualifies as "communication" as defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692(a)(2).

15.   At all times material herein, SunTrust used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1); which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to dial such numbers, including a predictive dialer.

## FACTUAL ALLEGATIONS

16.   On March 2, 2006, a Mortgage was recorded against Sherrod's property by virtue of a promissory note dated February 24, 2006 (the "debt").

17.   The subject debt was incurred primarily for personal, household or family use.

18.   Thereafter, in 2009 Sherrod experienced financial difficulties and the debt went into default.

19.   On or about October 29, 2009, SunTrust initiated a foreclosure action against Sherrod styled *SunTrust Mortgage, Inc. v. Sherrod, et al.,* Case No. 2009-CA-10234 (Sixth Judicial Circuit, Pasco County, Florida) (the "First Foreclosure"). The complaint filed in the First Foreclosure requested the state court to (i) determine the amounts due under the promissory note and mortgage; (ii) order the clerk to sell the property; and (iii) retain jurisdiction in order to enter a deficiency judgment if the proceeds of the sale are insufficient to cover the amount due.

20.     Shortly, thereafter, Sherrod retained Steve Jonas, Esq. to represent them in the First Foreclosure and with respect to the debt.

21.     Throughout the course of the First Foreclosure, Sherrod received multiple communications directly from SunTrust via U.S. mail and telephone in an attempt to collect upon the debt.

22.     During several of the aforementioned calls to Sherrod's cellular telephone, Sherrod verbally withdrew consent to be contacted on multiple occasions, and indicated that he was at work and was not allowed to receive personal calls during work hours.  Specifically, Sherrod verbally withdrew consent for SunTrust to contact him on his cellular telephone on November 30, 2011, November 14, 2012 and again on January 15, 2013.

23.     After months of enduring continued harassing debt collection communications from SunTrust, counsel for Sherrod participated in a call with SunTrust and again requested that SunTrust cease any and all direct communications with Sherrod.

24.     On or about May 17, 2012, the First Foreclosure was dismissed for SunTrust's failure to comply with court orders.  The order dismissing the First Foreclosure action reserved jurisdiction to award Attorneys' Fees and Costs to Sherrod.

25.     On or about October 28, 2014, SunTrust initiated a second foreclosure action against Sherrod styled *SunTrust Mortgage, Inc. v. Sherrod, et al.,* Case No. 2014-CA-04033 (Sixth Judicial Circuit, Pasco County, Florida) (the "Second Foreclosure"). The complaint filed in the Second Foreclosure requested the state court to (i) determine the amounts due under the promissory note and mortgage; (ii) order the clerk to sell the property; and (iii) retain jurisdiction in order to enter a deficiency judgment if the proceeds of the sale are insufficient to cover the amount due.

4

26.     Shortly, thereafter, Sherrod retained legal counsel, Andrew Lyons, Esq., to represent them with respect to the debt and defend the foreclosure action and related debt collection.

27.     On or about November 17, 2014, Andrew Lyons, Esq., filed his appearance as counsel on behalf of Sherrod with the relevant court and SunTrust's counsel.

28.     On November 5, 2015, Plaintiffs filed their answer and affirmative defenses in the Second Foreclosure. The answer included a dispute of the validity of the debt as follows:

> Notice is hereby given that the Defendants dispute the amount of the consumer debt asserted in Plaintiff's Complaint and Plaintiff's legal right to collect that debt. Accordingly, Defendants demand strict compliance with the Fair Debt Collection Practices Act.

29.     Sherrod has been continuously represented by legal counsel with respect to the debt from at least June 3, 2010, to the present and SunTrust has always been aware of Sherrod's representation by legal counsel during this period.

30.     Notwithstanding SunTrust's actual knowledge of Sherrod having retained legal counsel with respect to the debt and Sherrod's repeated verbal withdraws of consent to be contacted on their cellular telephones, SunTrust contacted Sherrod directly on multiple occasions for the purposes of collecting on the alleged consumer debt.

31.     Plaintiffs are the owners, regular users, and possessors of cellular telephone numbers 727-XXX-5841 and 727-XXX-5842.

32.     SunTrust, and its representatives, agents, employees, or assigns have telephoned Plaintiffs' cellular telephone on numerous occasions for the purposes of collecting on the alleged debt, in violation of the TCPA, 47 U.S.C. § 227 *et seq.,* and Florida Consumer Practices Act, Fla. Stat. § 559.72(7) and § 559.72(18).

33.     At no time herein did SunTrust have prior express consent to contact Plaintiffs on their cellular telephones using an automated dialing system or artificial pre-recorded voice.

34.     Upon information and belief, SunTrust and its collectors and agents, repeatedly used an automatic telephone dialing system to call Plaintiffs' cellular telephone in an attempt to collect on the alleged debt, and without Plaintiffs' prior express consent.

35.     Sherrod would often receive automated phone calls to their cellular telephones which resulted in pre-recorded messages from unanswered calls or periods of dead air and audible clicks upon answering before being greeted before a live person. The pre-recorded messages from the unanswered calls requested Sherrod to contact SunTrust at a designated toll free number.   Such messages are indicative of the use of an automatic telephone dialing system.

36.     Specifically, despite SunTrust's lack of consent to contact Plaintiffs on their cellular telephones, SunTrust contacted Plaintiffs' cellular telephones using an auto-dialer to make each telephone call on November 12, 2014; November 18, 2014; November 22, 2014; April 14, 2015; April 17, 2015; April 22, 2015; April 24, 2015; April 30, 2015; October 22, 2015; October 23, 2015; October 25, 2015; and March 1, 2016.  This is merely a sampling of the calls Plaintiffs received, as Plaintiffs have not been able to record the specifics of each and every call Defendant made to Plaintiffs over the past four years on account of their work and personal commitments, and on account of the continued and increasing stress associated with the barrage of harassing debt collection calls.

37.     The immediately aforementioned characteristics of the telephone calls indicate that SunTrust used an automatic telephone dialing system ("auto-dialer") to place the telephone calls each time that it called Sherrod's cellular telephones.

38.     To the extent SunTrust contends that it ever had consent to contact Sherrod on their cellular telephones, any such consent to make auto-dialed debt collection calls to Sherrod's cellular telephones was revoked no less than three times over a period of three years.

39.     Notwithstanding Sherrod having retained legal counsel to represent them with respect to the debt and SunTrust having knowledge of this circumstance, and having received three or more specific requests to cease and desist all communications, SunTrust has willfully and knowingly continued to contact Plaintiffs directly on multiple occasions, via U.S. Mail and their cellular telephones for the purposes of collecting on the debt.

40.     In addition to the aforementioned automated collection calls, and notwithstanding SunTrust's actual knowledge of Sherrod having retained legal counsel, and having received a specific request to cease and desist all communications; SunTrust has willfully and knowingly continued to contact Sherrod directly on multiple occasions by U.S. Mail for the purposes of collecting on the consumer debt.

41.     On or about the 8th of each month for the past two years SunTrust contacted Sherrod for the purposes of collecting on the alleged debt via mail, by requesting that Sherrod pay a certain amount of money by a date certain, and in direct contravention of the notice of legal representation.

42.     The above referenced correspondence sent to Sherrod by SunTrust further asserted the right to collect and in fact assessed late fees in the amount of $76.79 if payment was not received by the 16th of each month.

43.     By threatening to charge a late fee on a debt which has been accelerated since October 28, 2014, SunTrust is claiming, attempting or threatening to assert the existence of a legal right to charge late fees on an accelerated consumer debt when SunTrust has knowledge that such right does not exist.

7

44. Upon information and belief, SunTrust further contacted Sherrod for the purposes of collecting on the alleged debt via mail, by sending correspondence requesting Sherrod submit documents to be considered for loss mitigation options; by attempting to induce Sherrod to contact SunTrust's representatives to pay, settle the debt, or discuss loss mitigation in direct contravention of the notice of legal representation.

45. SunTrust has contacted Sherrod on their cellular telephones no less than ten times without Sherrod's prior express consent and by mail no less than 24 times for the purposes of collecting on the alleged debt and in direct contravention of SunTrust's knowledge of Sherrod's representation by legal counsel and multiple requests to cease and desist communications.

46. The aforementioned conduct by SunTrust has harassed or could be reasonably expected to harass or abuse Sherrod at their home and place of employment by willfully communicating with Sherrod frequently and regularly despite actual knowledge of Sherrod's representation by legal counsel, and despite at least three verbal requests that communications cease to their cellular telephones cease.

47. Specifically, Plaintiffs endured continuous contacts from SunTrust beginning January 2014 and continuing, which include:

  a. Telephone calls to Sherrod's residence or cellular telephones more than once a week;

  b. Visits to Sherrod's residence;

  c. Letters, cards, telegrams, special delivery letters;

  d. Threats to report Sherrod to other creditors or to a credit agency;

  e. Threats to foreclosure upon Sherrod's real estate; and

  f. Vague threats which worried Sherrod.

48.    All of the aforementioned telephone calls were willfully and knowingly made by SunTrust to the Sherrod's cellular telephones after SunTrust was made aware that Sherrod did not consent to receiving such calls.

49.    Sherrod has retained the law firm of The Lyons Law Group, P.A. for the purpose of pursuing the matter against the Defendant and is obligated to pay a reasonable fee for their services.

50.    Pursuant to § 559.77, Plaintiffs are each entitled an award of up to $1,000.00 statutory damages against Defendant, plus actual damages, and an award of attorneys' fees and costs to Plaintiffs should they prevail in this matter against Defendant.

51.    Pursuant to 47 U.S.C. § 227(b)(3), Plaintiffs are entitled to an award of up to $500 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to their cellular telephones without prior express consent in violation of the TCPA.

52.    Pursuant to 47 U.S.C. § 227(b)(3), the trial court may increase damages up to three times, or $1,500.00 for each telephone call made using any automatic telephone dialing system or an artificial prerecorded voice to Plaintiffs' cellular telephones without prior express consent in willful or knowing violation of the TCPA.

53.    All conditions precedent to the filing of the action have been completed or have been waived.

## CAUSES OF ACTION
## COUNT I – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

54.    This is an action against the Defendant for violations of the FCCPA, Title XXXIII, Chapter 559, Part VI, Florida Statutes.

55.     Plaintiffs re-allege and incorporate paragraphs 1-53 as though fully restated herein.

56.     Defendant is subject to and has violated the provisions of Fla. Stat. § 559.72(18) by intentionally and repeatedly communicating with Plaintiffs by telephone and email in an attempt to collect a debt, after being given actual notice that Plaintiffs are represented by legal counsel with respect to the debt and multiple requests by Plaintiffs that all communications be directed through counsel.

57.     Defendant has willfully communicated with Plaintiffs with such frequency as can reasonably be expected to harass Plaintiffs in violation of Fla. Stat. § 559.72(7), by repeatedly calling and contacting Plaintiffs on their cellular telephones, without Plaintiffs' consent, after being given actual notice that Plaintiffs are represented by legal counsel with respect to the debt, and after receiving both written and verbal requests that all direct communications with Plaintiffs cease.

58.     Defendant has engaged in other conduct which can reasonably be expected to abuse or harass Plaintiffs in violation of Fla. Stat. § 559.72(7), by repeatedly calling and contacting Plaintiffs while Plaintiffs were at work and at other times which were inconvenient for Plaintiffs, without Plaintiffs' consent, after being given actual notice that Plaintiffs are represented by legal counsel with respect to the debt, and after receiving at least three specific verbal requests to cease direct communications with Plaintiffs.

59.     Defendant has sought to claim, attempt, or threaten to enforce a debt which Defendant knows is not legitimate, or is asserting the existence of some legal right in violation of Fla. Stat. § 559.72(9), by seeking to assess a late charge on a debt that has been accelerated since January 11, 2016 in contravention of Florida law.

60.     The Defendant unlawfully used an autodialer to call the Plaintiffs' cellular telephones, without Plaintiffs' express consent, while knowing the conduct was prohibited under the TCPA, and in violation of Fla. Stat. 559.72(7) and 559.72(18).

61.     Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs, including Plaintiffs' right to be left alone.

62.     As a result of the forgoing violations of the FCCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2), Fla. Stat.

WHEREFORE, Plaintiffs respectfully demand that the Court enter judgment in Plaintiffs' favor and against Defendant for:

a.     Damages;

b.     Attorney's fees and the costs of litigation;

c.     A permanent injunction enjoining Defendant from engaging in the complained-of practices; and

d.     Such other or further relief as the Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

62.     This is an action against the Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

63.     Plaintiffs re-allege and incorporate paragraphs 1-53 as though fully restated herein.

64.     Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiffs' cellular telephones.

65.     Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice –
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

66.     Defendant is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiffs' cellular telephones within the past four years, without their prior express consent.

67.     Defendant is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiffs' cellular telephones without their prior express consent.

68.     Each of the telephone calls to the Plaintiffs' cellular telephones were knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiffs had specifically told the Defendant at least three times that it did not have their consent to call their cellular telephones.

69.     At no time herein did Defendant have Plaintiffs' prior express consent to call Plaintiffs on their cellular telephones.

70.     Even if Defendant did have such consent, such consent was revoked (i) when Defendant was advised that Plaintiffs were represented by legal counsel with respect to the debt, (ii) when Plaintiffs' verbally and explicitly requested that Defendant stop calling them and

revoked any prior express consent for Defendant to call Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded message.

71.     Prior express consent may be revoked using any reasonable method including orally or in writing. See *In The Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, FCC 15-72 (CG Dkt No. 02-278, WC Dkt. No. 07-135) at ¶ 64 (July 10, 2015)*. Even oral instructions to cease calls effectively revokes any prior consent the caller claims they may have had. See *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

72.     Despite the lack of any prior express consent, Defendant placed calls to Plaintiff's cellular telephone using an automated electronic dialing device and by leaving automated pre-recorded messages.

73.     Plaintiffs have not been able to record the specifics of each and every call Defendant made to Plaintiffs on account of their personal and work commitments, on account of the sheer volume of calls, and due to the continued and increasing stress associated with the continued barrage of debt collection calls.

74.     None of the calls at issue were placed by Defendant to Plaintiffs' cellular telephones for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

75.     Defendant harassed Plaintiffs by incessantly calling Plaintiffs' cellular telephone.

76.     Defendant's phone calls harmed Plaintiffs by wasting Plaintiffs' time, causing untimely, constant interruptions and distractions, and depleted the battery life on Plaintiffs' cellular telephones.

77.     Defendant's phone calls harmed Plaintiffs by using minutes or texting data allocated to Plaintiffs' cellular telephone service provider and may have also used storage space on Plaintiffs' phone.

78.     The repeated phone calls harmed Plaintiffs by intruding upon Plaintiffs' seclusion and invading Plaintiffs' privacy.

79.     The repeated phone calls harmed Plaintiffs by trespassing upon and interfering with Plaintiffs' rights and interests in Plaintiffs' cellular telephone lines.

80.     The repeated phone calls harmed Plaintiffs by causing Plaintiff difficulties at work and with his employer.

81.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call and determined that banning such calls made without consent was the only effective means of protecting telephone consumers from the nuisance and privacy invasion."

82.     Defendant's phone calls harmed Plaintiffs by causing the very harm that Congress sought to prevent – a "nuisance and invasion of privacy".

83.     As a direct and approximate result of Defendant's conduct, the Plaintiffs have suffered: (a) the periodic loss of cellular telephone service, (b) the costs associated with the usage of cellular telephone service during each call, (c) statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of the matter, along with other damages which have been lost.

84.     As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiffs for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

85.     Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiffs are entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

14

WHEREFORE, the Plaintiffs respectfully request the Court enter judgment in their favor and against the Defendant for:

a.    $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

b.    Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

c.    Costs of litigation, and;

d.    Such other or further equitable relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Please take notice that the Plaintiffs respectfully demand trial by jury on all issues so triable.

Dated this 17th day of April, 2018.

Respectfully Submitted,

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
Jesse A. Sherrod, III and Deborah J. Sherrod

IN THE CIRCUIT COURT OF THE SIXTH JUDICAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JESSE A. SHERROD, III
and DEBORAH J. SHERROD,

        Plaintiffs,        Case No.: _2018CA1117WS_

v.

SUNTRUST MORTGAGE, INC.,

        Defendant.
_____/

### SUMMONS

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint, Plaintiff's First Request for Production of Documents, Request for Admissions, and Request for Interrogatories in the above-styled cause on the Defendant:

Suntrust Mortgage, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida, 32301

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**REBBECCA A. GOODALL, ESQUIRE**
Attorney for the Plaintiff
4103 Little Road
New Port Richey, FL 34655

Dated this: _4/24/18_

                                  Paula S. O'Neil, Ph.D., Clerk & Comptroller
                                  CLERK OF THE COURT

                      By: ___/s/ Ryan Ayers___
                                Deputy Clerk

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

If you are a person with a disability who needs reasonable accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Within two (2) working days of your receipt of this summons and complaint please contact the Public Information Dept. Pasco County Government Center, 7530 Little Rd., New Port Richey, FL 34654; (727) 847-8110 (V) in New Port Richey; (352) 521-4274, ext. 8110 (V) in Dade City; via 1-800-955-8771 if you are hearing impaired. The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding transportation services.

### PLEASE NOTE

PROPER DRESS IS REQUIRED or you may be held in contempt or refused admittance. NO shorts, undershirts, tank tops, etc.

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

1



## Paula S. O'Neil, Ph.D.
Clerk & Comptroller Pasco County, Florida

**Search ▾ | Help**

[Back]

New Search  Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 512018CA001117CAAXWS [2018CA001117CAAXWS] | 04/17/2018 | PASCO | Circuit Civil 3-D | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 04/17/2018 | Other Civil | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| BYRD, KIMBERLY SHARPE | JUDGE | | |
| SHERROD, JESSE A III | PLAINTIFF | GOODALL, REBBECCA ANN | 115344 |
| SHERROD, DEBORAH J | PLAINTIFF | GOODALL, REBBECCA ANN | 115344 |
| SUNTRUST MORTGAGE INC | DEFENDANT | | |

### − Dockets

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 9 | 05/08/2018 | Affidavit Service Of SUMMONS SERVED ON SUNTRUST MORTGAGE INC 042618 | 1 |
| | 8 | 04/24/2018 | Summons Issued And Returned To SUNTRUST MORTGAGE INC ISSUED PROCESS SERVER | 2 |
| | 1 | 04/17/2018 | Case 512018CA001117CAAXWS Filed with Clerk on 4/17/2018 | |
| | 2 | 04/17/2018 | Civil Cover Sheet | 2 |
| | 3 | 04/17/2018 | Complaint AND DEMAND FOR JURY TRIAL | 15 |
| | 4 | 04/17/2018 | Request For Admissions FILED BY PLTF | 4 |
| | 5 | 04/17/2018 | Request To Produce FILED BY PLTF | 6 |
| | 6 | 04/17/2018 | Notice Of Serving Interrogatories To DEF | 10 |
| | 7 | 04/17/2018 | File Verified To This Point CM | |

### + Judge Assignment History

### + Court Events

### + Financial Summary

### + Reopen History

Filing # 70843496 E-Filed 04/17/2018 04:02:12 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JESSE A. SHERROD, III
and DEBORAH J. SHERROD,

        Plaintiffs,            Case No.:_____

v.

SUNTRUST MORTGAGE, INC.,

        Defendant.

_____/

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

    Plaintiffs, Jesse A. Sherrod, III and Deborah J. Sherrod, by and through the undersigned attorney, hereby request that the Defendant, Suntrust Mortgage, Inc., admit or deny the following statements:

**Instructions & Definitions**

1.    If you interpose an objection to providing the requested information please set forth the following:

    a.    The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

    b.    If your objection is based upon the work product doctrine, set forth the following information:

        i.    The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

        ii.    If your objection is based upon the work product doctrine, set for the following information:



EXHIBIT
B

1.  Whether or not the requested information exists and the general nature or such items (ex. tape recording of Plaintiff).

2.  IDENTIFY the individuals who have possession of the requested information.

3.  The date the requested information or items were created and the date same was obtained by you.

iii.  If any objection is made based upon acclaim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a default privilege log to support the in vocation of such privilege.

iv.  Provide any and all information or items which fall within the scope of the request and against no objection is asserted or applicable.

2.  If no date or time is specified, assume it to be a period beginning with the date in whic h this document is responded to extending through the period for four (4) years prior to that date.

3.  The "Defendant", "You", or "Your" refers to the named Defendant, Suntrust Mortgage, Inc.

4.  The "Plaintiff" or "Plaintiffs" refers to the named Plaintiffs, Jesse A. Sherrod, III and Deborah J. Sherrod

5.  The "Complaint" refers to the most recent Complaint filed in the above styled action.

6.  The "Account" refers to Defendant's account number, loan number, or reference number xxxxxx6032.

7.  The "Debt" refers to the amount of money allegedly owed by the Plaintiffs on the Account.

8.  "Collections" or "Collection Activity" refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

## REQUESTED ADMISSIONS

1.   Plaintiffs are consumers.

2.   The Defendant is a debt collector.

3.   The subject debt is a consumer debt incurred for personal, family, or household purposes.

4.   Defendant received the loan servicing file and information regarding Collection Activity on Plaintiffs' Account as part of the transfer of this debt.

5.   Defendant received the Notice of Appearance dated November 17, 2014 filed in the foreclosure action by Plaintiffs' legal counsel.

6.   Defendant received a copy of Plaintiffs' Answer and Affirmative Defenses dated November 5, 2015, which disputed the validity and amount of the debt.

7.   Plaintiffs verbally withdrew consent to be contacted on their cellular telephones on November 30, 2011.

8.   Plaintiffs verbally withdrew consent to be contacted on their cellular telephones on November 14, 2012.

9.   Plaintiffs verbally withdrew consent to be contacted on their cellular telephones on January 15, 2013.

10.  Defendant telephoned Plaintiffs' cellular telephones from calendar years 2014 through 2018.

11.  Defendant did not have Plaintiffs' prior express consent to contact Plaintiffs' cellular telephones using an automated dialing system.

12.  Defendant did not have Plaintiffs' prior express consent to contact Plaintiffs' cellular telephones using an artificial prerecorded voice.

13.  Defendant spoke with Plaintiff on November 30, 2011, wherein Plaintiff informed Defendant she was represented by legal counsel.

14.  Defendant called Plaintiffs with telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention

15.  The Defendant's employees are not monitored by the Defendant in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

ANSWERS OR OBJECTIONS, if any, must be served upon the undersigned attorney, at the below notes address, on or before forty-five (45) days after service of the Request for Admissions.  Otherwise, these Statements shall be deemed admitted.

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
Jesse A. Sherrod, III and Deborah J. Sherrod

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee(s) by Service of Process, as follows:

Suntrust Mortgage, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.

4

Filing # 70843496 E-Filed 04/17/2018 04:02:12 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JESSE A. SHERROD, III
and DEBORAH J. SHERROD,

        Plaintiffs,              Case No.:_____

v.

SUNTRUST MORTGAGE, INC.,

        Defendant.

_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

TO:    Suntrust Mortgage, Inc.
       c/o Corporation Service Company
       1201 Hays Street
       Tallahassee, FL 32301

      Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, Plaintiff, by and through the undersigned counsel, requests the Defendant to produce those documents and things enumerated in the following list within forty-five (45) days in accordance with said Rule, at the offices of the undersigned counsel.

**Instructions**

1.    If you interpose an objection to providing the requested information please set forth the following:

      a.    The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

      b.    If your objection is based upon the work product doctrine, set forth the following information:

          i.    The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

         ii.    If your objection is based upon the work product doctrine, set for the following information:



EXHIBIT
C

       1.     Whether or not the requested information exists and the general nature or such items (ex. tape recording of Plaintiff).

       2.     IDENTIFY the individuals who have possession of the requested information.

       3.     The date the requested information or items were created and the date same was obtained by you.

    iii.     Provide any and all information or items which fall within the scope of the request and against no objection is asserted or applicable.

2.     If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for three (3) years prior to that date.

## Definitions

1.     The "Defendant", "You", and "Your" refers to the named Defendant, Suntrust Mortgage, Inc.

2.     The "Plaintiff" refers to the named Plaintiffs, Jesse A. Sherrod, III and Deborah J. Sherrod.

3.     The "Complaint" refers to the most recent Complaint filed in the above styled action.

4.     The "Account" refers to Defendant's account number, loan number, or reference number xxxxxx6032.

5.     The "Debt" refers to the amount of money allegedly owed by the Plaintiffs on the Account.

6.     "Collections" or "Collection Activity" refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

7.     "Foreclosure Action" refers to a legal action styled *Suntrust Mortgage Inc. v Sherrod, et al.*, Case No. 2014-CA-4033-WS/J2 (Sixth Judicial Circuit, Pasco County, Florida).

## PRODUCTION REQUESTS

1. Any and all documents identified in Response to all sets of Plaintiff's Interrogatories, Request for Admissions, and Requests for Statements.

2. Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas as they relate to the allegations of the Complaint:

   a. Collection policies;

   b. Collection procedures;

   c. Collection methods;

   d. Collection techniques;

   e. Collection tactics;

   f. Collection rules;

   g. Collection regulations; and

   h. Compliance with local, state, or federal laws, codes, or regulations.

3. Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting this debt.

4. Copies of all contracts between Defendant and third party skip tracing and auto-dialer vendors used in connection with Plaintiff, Plaintiff's account or in collecting this debt.

5. Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to communicate with respect to or collect this debt from Plaintiff, including but not limited to:

   a. Records of all inbound or outbound telephone calls, to or from any Plaintiff;

    b.      Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.      Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

    d.      Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff from third party auto-dialer vendors.

6.    Defendant's phone records, call logs, or communication logs which depict all calls Defendant made to Plaintiff. The records should include the date, time and phone number called.

7.    Any and all records reflecting Plaintiff's contact information, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable and related to any Plaintiff, and any changes to said contact information, including the date and content of said change. PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC AND SEARCHABLE FORMAT AS REQUIRED UNER THE FEDERAL RULES AND CIVIL PROCEDURE CONCERNING ELECTRONICALLY STORED INFORMATION (ESI).

8.    Produce any and all documentation and information regarding the Plaintiff's account, Defendant received from Plaintiff or legal counsel for Plaintiff.

9.    Produce any and all documentation and information regarding the Plaintiff's account received by the Defendant from its third party skip tracing vendors, in both hard copy printed and as electronically received and stored.

10.    Produce any and all documentation and information regarding the Plaintiff's account received by the Defendant from its third party auto dialer vendors, in both hard copy printed and as electronically received and stored.

11.   Produce any and all copies of all correspondence which Defendant mailed Plaintiff or received from Plaintiff, and which relate to this debt and attempts to collect this debt.

12.   Produce any and all written documents outlining duties of the managing officer or agent responsible for Defendant's TCPA policy.

13.   Produce the declaration and policy contract of any insurance which may be available to cover such incidents as described in the complaint.

14.   Produce any and all recordings of conversations or calls made on Plaintiff's account.

15.   Produce any and all documents, data or things that show the Plaintiffs' express consent to receive telephone calls on a cellular telephone, or to receive calls on their cellular phone through use of an automatic telephone dialing system or a system that has the capacity to autodial.

16.   Produce all invoices over the past five years for telephony equipment or software, including but not limited to automatic telephone dialing systems.

17.   Produce all sales literature for telephony equipment or software used by Defendant over the past five years, including but not limited to automatic dialing systems.

18.   Produce all manuals, memoranda, instructions and other documents which discuss describe or set forth standards, criteria, guidelines, policies or practices in place for and which relate to TCPA compliance.

19.   Produce all manuals, memoranda, emails, data, instructions, and other documents setting forth defendant's policies, procedures or practices relating to its debt collection business by means of telephone calls, including but not limited to the use of automatic telephone dialing systems.

20.   All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

21.   All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid contacting persons who are represented by legal counsel.

22.   Produce a plain-English description or glossary for any and all abbreviations, codes, or other non-obvious terms, contained on any and all communication logs, notes logs, collection logs, and other documents produced in response to the requests herein.

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
Jesse A. Sherrod, III and Deborah J. Sherrod

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee(s) by Service of Process, as follows:

Suntrust Mortgage, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.

6

Filing # 70843496 E-Filed 04/17/2018 04:02:12 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JESSE A. SHERROD, III
and DEBORAH J. SHERROD,

    Plaintiffs,      Case No.:_____

v.

SUNTRUST MORTGAGE, INC.,

    Defendant.
_____/

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT AND NOTICE OF FILING

TO: Suntrust Mortgage, Inc.
  c/o Corporation Service Company
  1201 Hays Street
  Tallahassee, FL 32301

   Pursuant to Fla.R.Civ.P. 1.280 and 1.340 of the Florida Rules of Civil Procedure,

Plaintiff propounds to Defendant the attached interrogatories to be answered under oath and in

writing within forty-five (45) days after service hereof.

         THE LYONS LAW GROUP, P.A.

         /s/ Rebbecca A. Goodall
         Andrew M. Lyons, Esq.
         Florida Bar No.:  0011288
         Rebbecca A. Goodall, Esq.
         Florida Bar No.: 0115344
         4103 Little Road
         New Port Richey, FL  34655
         (727) 375-8900
         (727) 375-2334 (fax)
         Email Service: pleadings@lyonslawgroup.com
         Attorneys for Plaintiffs,
         Jesse A. Sherrod, III and Deborah J. Sherrod



EXHIBIT
D

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Service of Process upon:

Suntrust Mortgage, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

/s/ Rebbecca A. Goodall
Attorney

**Instructions**

1.      Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall refer to Defendant, Suntrust Mortgage, Inc.  As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

2.      If any objection is made to any of the following interrogatories or discovery requests, the Defendant shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant are invoking and provide a detailed privilege log to support the invocation of such privilege.

3.      As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendant, which Defendant has knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries

3

or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

4.     A request to "identify" a document is a request to state the following, as applicable:

    a.     The date of the document;

    b.     The type of document;

    c.     The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

    d.     The name of the employer or principal whom the signers, addressers and preparers were representing;

    e.     The present location of the document;

    f.     The name and current business and home addresses of the present custodian of the original document, and any copies of it;

    g.     A summary of the contents of the document; and

    h.     If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

5.    These interrogatories and discovery requests are intended to cover all documents in Defendant's possession, or subject to their custody and control, regardless of location. If there are no such documents; then please so state. If there are such documents, please list and mark appended documents responsive to each request.

6.    Each interrogatory propounded herein should be answered upon Defendant's entire knowledge from all sources and all information in Defendant's possession or otherwise available to Defendant, including information from Defendant's officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

7.    If any answer is qualified, Defendant shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

8.    If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## DEFINITIONS

1.    "TCPA" means the Telephone Consumer Protection Act, 47 USC 227 et seq, with all amendments.

2.    "ATDS" or "Automatic telephone dialing system(s)" means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention as defined by the TCPA and Federal Communications Commission.

3.      "DBA" means "doing business as" or a name of your business that you use and communicate to your customers or prospective customers that might differ from the corporate name.

4.      "Automated dialer(s)" means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

5.      "Predictive dialer" means equipment and software that allows a party to initiate phone calls while Defendant's employees are talking to other consumers and includes a telephone control system that automatically calls a list of telephone numbers in sequence or random, screening out no-answers, busy signals, answering machines, cancelled calls and disconnected numbers while predicting at what point a human caller will be able to handle the next call.

6.      "Plaintiffs' telephone number(s)" means Plaintiffs' cellular numbers 727-XXX-5841 and 727-XXX-5842.

6

## INTERROGATORIES

1.    State whether or not, Defendant uses automated dialers, ATDS's and/or predictive dialers, or equipment that has such capacity, to contact consumers including Plaintiff; and please identify all machines and equipment by make, model, supporting systems including the hardware and software, if they are cloud based also include where this equipment is located/stationed, and if third party based also state the company name and address which made any telephone call in connection with Plaintiffs' account including but not limited to, Plaintiffs' telephone number(s).

**ANSWER**

2.    Identify and describe any and all systems used by Defendant to communicate with Plaintiffs; including the dialing equipment used such as Automated Telephone Dialing Systems, (ATDS), predictive dialers, and pre-view mode software etc.

**ANSWER**

3.    Identify whether the Defendant electronically records, or tape records, telephone calls by any means with Plaintiffs, and what steps are taken to preserve these recordings, identifying specifically whether or not the Defendant recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

**ANSWER**

4.    Identify all telephone numbers used by Defendant when calling Plaintiffs' telephone numbers.

**ANSWER**

5.   Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided predictive dialing, auto-dialing, robotic-dialing, automated-messaging, or similar services of any kind to Defendant, as well as identifying the telephone numbers and account numbers for each such service provider, from May 2018 to the date of Plaintiffs' complaint.

**ANSWER**

6.   Identify all sources from where you obtained Plaintiffs' phone number, and explain the facts and circumstances (who, what, when, why, when and how) surrounding how you obtained Plaintiffs' telephone numbers, and if applicable, identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided skip-tracing, location, or similar services of any kind related to Plaintiffs' account, as well as identifying the telephone numbers and account numbers for each such service provider, from May 2014 to the date of Plaintiffs' complaint.

**ANSWER**

7.   Please specifically describe any and all documents that describe, record, or establish Plaintiffs' "prior express consent," and all documents, data, expected testimony, or other things you contend support such.

**ANSWER**

8.   Please describe in detail any bona fide error defenses asserted, or to be asserted, and identify, describe and list any and all documents that describe, record, or establish Defendant's bona fide error in this case, including "prior express consent," and all documents, data, expected testimony, or other things you contend support such. Be specific.

**ANSWER**

9.    Identify and describe each communication, or attempted communications, and written or electronic record there, between the Defendants with the Plaintiff, which was made in connection with Plaintiffs' Account, by stating: the name of the person whom the communication was directed, the date and time of the communication, the method of the communication (by letter or phone call), and a detailed description of the substance of the communication.

**ANSWER**

10.   Identify all complaints made against You, in the form of formal lawsuits, complaints to any regulatory entity, as well as any other formal or informal complaint which You possess a record of, in the past (4) years, that contain allegations that You violated either the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1592, et seq., or the Florida Consumer Collections Practices Act, Fla. Stat. 559, Part VI, related to directly contacting a debtor who was represented by legal counsel.

**ANSWER**

11.   Identify any procedures or policies associated with Collection Activity when a debtor is represented by legal counsel which were effective within the past four (4 ) years.

**ANSWER**

12.   Identify any procedures or policies associated with communicating with a debtor when a debtor is represented by legal counsel which were effective within the past two (2) years.

**ANSWER**

13. Identify and describe the maintenance of all procedures utilized by Defendant to avoid violations of the FCCPA and TCPA or any other federal or state collection laws as it relates to the allegations in the Compliant.

**ANSWER**

Dated this _____ day of _____, _____.

By:_____
               Signature

NAME:_____
TITLE:_____
ADDRESS:_____
             _____
             _____
PHONE:_____

STATE OF FLORIDA
COUNTY OF _____

BEFORE ME the undersigned authority, personally appeared _____,
And who being duly sworn, deposes and says that the Answers to Plaintiffs' Interrogatories to Defendant herein are true and correct to the best of his/her knowledge and belief.

_____
Notary Public Signature
Notary Public Name:_____
Commission No.:_____